# IN THE COURT OF APPEALS OF IOWA

No. 18-1268
Filed September 11, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTOPHER JAMES THOMAS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer,

Judge.


        Christopher Thomas appeals his conviction for failing to comply with the sex

offender registry requirements. **AFFIRMED.**


        Kent A. Simmons, Bettendorf, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

Christopher Thomas contends insufficient evidence supports his conviction for failing to comply with Iowa's sex offender registry requirements. *See* Iowa Code chapter 692A (2014). We disagree.

Iowa Code section 692A.104(2) requires a sex offender to appear in person to notify the sheriff "within five business days of changing a residence." Failure to comply is "an aggravated misdemeanor for a first offense." *See* Iowa Code § 692A.111(1).

Following a bench trial, the district court found Thomas violated this requirement by "fail[ing] to appear in person to notify the Black Hawk County Sheriff that his residence was no longer [a house on Street B[1]] in Waterloo, Iowa." Thomas appeals.

Thomas does not dispute he is a "sex offender" and, therefore, subject to the requirements of section 692A.104. Instead, Thomas argues there is insufficient evidence he actually "chang[ed] a residence" by moving away from the Street B residence. *See* Iowa Code § 692A.104(2). Therefore, Thomas suggests, he had no obligation to notify the sheriff.

"We review sufficiency-of-the-evidence challenges for corrections of errors at law." *State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018) (citation omitted). We will affirm if substantial evidence supports the charge. *See State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). "Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *State*

---

[1] We refer to Thomas's addresses in this opinion as Street A, Street B, and Street C in an effort to preserve the privacy of non-parties associated with each address.

*v. Biddle*, 652 N.W.2d 191, 197 (Iowa 2002). "We review the evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.*

The record shows Thomas was paroled in November 2013. Initially, Thomas lived on Street A in Waterloo. In February or March 2014, Thomas moved to the Street B residence. He properly registered the Street B residence with the Black Hawk County Sheriff's Department.

In May 2014, Thomas told Shawn Chestnut, his parole officer, that he intended to move to a new residence on Street C in Waterloo. On May 6 or 7, Thomas told Chestnut he was "moving today" to Street C. Chestnut authorized the move and updated Thomas's address in the department of corrections database.

As noted, though, Thomas did not appear at the sheriff's office and give notice of his change of residence. Thomas also stopped complying with his parole requirements. He no longer attended weekly group meetings. His GPS tracker was turned off or lost its charge. Chestnut called and searched for Thomas but could not make contact with him. On or about June 2, Chestnut sought an arrest warrant.

Later in June, the sheriff's department received a computer notification that Thomas had moved to Street C. On June 25, Sergeant Steven Peterson went to the Street C residence to investigate. Thomas was not there. But another Street C resident told Sergeant Peterson that Thomas had "moved there approximately a month before."

On or about June 26, Thomas called the sheriff's department and spoke to administrative staff. Thomas advised he would be "coming in the following day to do an address change to the [Street C] address." Still, Thomas did not appear. A few days later, Sergeant Peterson requested an arrest warrant based on Thomas's failure to register.

Over the next three years, Thomas had no contact with the sheriff's department or his parole officer. Ultimately, he was arrested in Dubuque in September 2017.

Viewing this "evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced," we believe the district court could reasonably conclude Thomas moved away from the Street B residence. *Id.*

Of course, as Thomas points out, authorities made limited efforts to find Thomas at the Street B residence after Thomas told his parole officer he was moving away from the Street B residence. We don't think it was unreasonable to take Thomas at his word. In any event, we believe the district court could properly conclude Thomas was not secretly residing at the Street B residence during the three-year period while Thomas was "avoiding his parole officer and the Black Hawk County Sheriff's Department" before he was found and arrested in Dubuque.

Sufficient evidence supports Thomas's conviction for violating Iowa Code section 692A.111. We affirm.

**AFFIRMED.**